IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ELVIS PENA and OBDELIO PENA, ) | |
| ) | |
| ) | 07 C 6433 |
| Plaintiffs, ) | |
| ) | Judge Castillo |
| v. ) | |
| ) | Magistrate Judge Keys |
| TOWN OF CICERO and ANTHONY INIQUEZ, in his ) | |
| official capacity, ) | |
| ) | |
| Defendant, ) | |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, ELVIS PENA and OBDELIO PENA, by their attorneys, Christopher V. Langone and Mark T. Lavery, moves for a temporary restraining order which enjoins the Town of Cicero or Anthony Iniquez or any agent of Town of Cicero, including, but not limited to, Tuff Car Company Inc. from destroying or disposing of Plaintiffs' vehicle.

FACTUAL BACKGROUND[1]

On November 7, 2007, Cicero Police seized Plaintiffs' vehicle. The vehicle was seized without notice and without an opportunity to be heard about the seizure. The seizure on November 7, 2007, to Plaintiff's knowledge, was accomplished without a warrant. Plaintiffs have valid Illinois title for the vehicle. Plaintiff's committed no crime with the vehicle and has not been charged or implicated in an criminal activity involving the vehicle.

On November 13, 2007, Plaintiffs filed a lawsuit against Defendants Town of Cicero and Anthony Iniquez. Defendant were served on November 15, 2007. On November 27, 2007, two weeks after Plaintiffs filed their lawsuit and 12days after Defendants were served, the Cicero Police Department sent a "Notice of Towed Motor Vehicle/Hearing Rights". Exhibit A. Plaintiffs received this Notice on November 28, 2007. Plaintiffs demanded a hearing on December 3, 2007. Exhibit B.

---

1  See Supporting Certification of Plaintiff Dennis Woiwood.

The Cicero Police did not tell Plaintiffs when the hearing will be conducted. A female officer, on information and belief named Gonzales, stated that hearings are not conducted for vehicles towed due to an investigation. Cicero Police informed Plaintiffs that the vehicle would be destroyed on December 7, 2007 unless Plaintiffs paid all storage charges to Tuff Car Company Inc.

## LEGAL ANALYSIS

The U.S. Constitution protects against deprivation and unreasonable seizure of property without due process and just compensation.

A Fourth Amendment seizure occurs where there is some meaningful interference with an individual's possessory interests in that property. Generally, the Supreme Court "has viewed a seizure of personal property as per se unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warranty issued upon probable cause." While some warrantless seizures are authorized, the court must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."[2] "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment. A seizure results if 'there is some meaningful interference with an individual's possessory interests in that property.'"[3]

The only exception to a warrantless seizure of a vehicle through impoundment is the community caretaking doctrine. The Supreme Court in allowing the impoundment and search of vehicles under the community caretaking doctrine has limited the discretion of the impounding officer and has taken a more finely tuned approach to determining reasonableness under the Fourth Amendment. Police officers may only impound vehicles that "jeopardize public safety and the efficient movement of vehicular traffic."[4] Whether an impoundment is warranted under this community

---

2 *Soldal v. Cook County*, 506 U.S. 56, 61 (1992).
3 *Miranda v. City of Cornelius*, 429 F. 3d 858, 862 (9th Cir. 2005) citing *Soldal v. Cook County*, 506 U.S. 56, 61 (1992).
4 *South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976).

caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft. Moreover, In *Colorado v. Bertine,* the U.S. Supreme Court may only impound a vehicle "on the basis of something other than suspicion of evidence of criminal activity."[5]

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation..." Plaintiffs have had his property seized without due process and without compensation. Thus, the Court may enjoins until this Court can the parties' rights on the merits.

To obtain a TRO, the movant must show (1) some likelihood of success on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the harm the non-movant will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006); The Court employs a "sliding scale" test, whereby the lesser the risk of harm, the less of a showing that is required relative to success on the merits, and vice versa. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). In deciding whether to grant injunctive relief, the Court must bear in mind that the purpose of a preliminary injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *SMC Corp. v. Lockjaw, LLC*, 481 F. Supp. 2D 918, 925 (7th Cir. 2007).

In this case, Plaintiffs are likely to succeed on the merits, Plaintiffs' property was taken without notice and without compensation, Defendant did not offer a hearing until after a lawsuit was filed, Plaintiff were denied an actual hearing when demanded, and Defendants are threatening to destroy the vehicle prior to the hearing. This conduct all violates the Fourth, Fifth and Fourteenth Amendments.

No adequate remedy at law exists because Defendants are threatening to destroy Plaintiffs' property which is a unique titled good with a particular title umber and particular VIN number. Likewise, Plaintiffs will suffer irreparable harm because Defendants will destroy the unique titled

---

5  479 U.S. 367, 375 (1987).

property without court action and the injunction will not harm the public interest. Under a sliding scale, analysis, the TRO should be entered because the risk of harm is significant and support by some likelihood of success on the merits. There is absolutely no harm to the public interest. As such, the TRO should be granted.

WHEREFORE, Plaintiffs requests that this Court enter a temporary restraining order enjoining Defendants or Tuff Car Company Inc. from destroying, disposing or selling Plaintiffs' vehicle, the 1994 Chevrolet Cavalier Convertible with Vehicle Identification Number 1G1JC34T3R7275201 with Illinois Title Number T1100621112.

                                            Respectfully Submitted,
ELVIS PENA and OBDELIO PENA, Plaintiffs

By: /s/ Mark T. Lavery
        One of Their Attorneys

Mark T. Lavery
Chrstopher V. Langone
225 W. Washington, Suite 2200
Chicago, Illinois 60606
(312) 924-2893

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

ELVIS PENA and OBDELIO PENA,                )
                                             )
                                             )
          Plaintiffs,                        )
                                             )
    v.                                       )
                                             )
TOWN OF CICERO and ANTHONY INIQUEZ, in his  )
official capacity,                           )
                                             )
          Defendant,                         )

## CERTIFICATION OF ADRIANA PENA

1. I am the wife of Elvis Pena.

2. I have personal knowledge of the facts in this certification.

3. On November 7, 2007, Cicero Police seized Plaintiffs' vehicle.

4. Plaintiffs have valid Illinois title for the vehicle.

5. Plaintiffs have not been charged criminally for any activity involving the vehicle.

6. On November 13, 2007, Plaintiffs filed a lawsuit against Defendants Town of Cicero and Anthony Iniquez.

7. Defendant were served on November 15, 2007.

8. On November 27, 2007, two weeks after Plaintiffs filed their lawsuit and 12 days after Defendants were served, the Cicero Police Department sent a "Notice of Towed Motor Vehicle/Hearing Rights". Exhibit A.

9. Plaintiffs received this Notice on November 28, 2007.

10. Plaintiffs demanded a hearing on December 3, 2007. Exhibit B.

11. The Cicero Police/Records Division did not tell Plaintiffs my husband or I when the hearing will be conducted.

12. A female officer, on information and belief named Gonzales, stated to me that hearings

are not conducted for vehicles towed due to an investigation.

13.    Cicero Police/Records Division informed my husband and I that the vehicle would be destroyed on December 7, 2007 unless Plaintiffs paid all storage charges to Tuff Car Company Inc.

I certify, under penalties of perjury, that the foregoing is true and correct.

_____
Adriana Pena

## NOTICE OF TOWED MOTOR VEHICLE/HEARING RIGHTS

OBDELIO PENA
ELVIS PENA
5933 W 37TH ST
CICERO IL 60804

| You are hereby given notice that | | 1994 | CHEVY |
|---|---|---|---|
| 2655390 | IL | 07 | 1G1JC34T3R7275201 |
| Registration | State | Year | VIN |

Which was last registered in your name, was towed from 5933 W 37TH ST, CICERO IL as a violation of
33/122          ROBBERY INVESTIGATION          ON DATE   07NOV07
Ordinance No.
The Motor vehicle is currently impounded at:

**TUFF CAR COMPANY INC.**
**1924 SOUTH LARAMIE AVENUE**
**CICERO, ILLINOIS 60804**
**708.222.8155**

You have the right to a post-tow hearing to determine the validity of the tow and any storage charges. This hearing will not be determinative of, or adjudicate, any citation issued relative to the tow. *THE HEARING WILL BE CONDUCTED BY THE POLICE DEPARTMENT. THE ONLY ISSUE(S) CONSIDERED AT THE HEARING WILL BE WHETHER OR NOT THE VEHICLE WAS TOWED/STORED IN ACCORDANCE WITH THE ORDINANCES OF THE TOWN OF CICERO AND THE APPROPRIATE ILLINOIS STATUES.* In those instances where your vehicle has been released upon your payment of a cash bond. In those instances where you elect that the vehicle has been released upon your payment of a cash bond. In those instances where you elect that the vehicle remains impounded, a hearing shall take place at your option within twenty-four (24) hours after your request for said hearing on a date convenient to you and the town.

If you do not request a hearing within seven (7) days of the mailing notice, your right to such a hearings forfeited and you must pay the total cost of the tow and storage to obtain your motor vehicle.

YOUR FAILURE TO REQUEST A TOW HEARING OR OTHERWISE TAKE POSSESSION OF YOUR MOTOR VEHICLE, AS SET FORTH ABOVE, SHALL CONSTITUTE A WAIVER OF YOUR INTEREST IN THE VEHICLE *(INCLUDING CONTENTS AND LICENSE PLATE)* BY AUCTION OR JUNK AS SET FORTH IN THE ILLINOIS COMPLIED STATUES 625 ILCS 5/4-201 THROUGH 4-209.1 ET. SEQ. ALL TOWING/STORAGE COSTS ON UNCLAIMED VEHICLES NOT RECOVERED AT SALE SHALL BE THE RESPONSIBILITY OF THE REGISTERED OWNER(S).

**Disposition Date:**          07DEC07
          VEHICLES OVER SEVEN YEARS OF AGE WILL BE JUNKED *AFTER 10 DAYS*.

          VEHICLES SEVEN YEARS OF AGE OR NEWER WILL BE AUCTIONED AFTER 20 DAYS

Tow No.     07-4316
Tow Date:   07NOV07
Date Sent:  27NOV07

**EXHIBIT A**

Cicero Police Department/Records Division
4932 W. 25th Place
Cicero, IL 60804          708.652.2130 EXT. 343

ELVIS PENA
OBDELIO PENA
5933 W. 37ᵀᴴ ST.
CICERO, IL 60804

December 3, 2007

**Via Hand Delivery**

Cicero Police Department/Records Division
4932 W. 25th Place
Cicero, IL 60804

Re: Tow No. 07-4316
    Tow Date: 07NOV07

To Whom It May Concern:

   I am writing this in response to your *Notice of Towed Motor Vehicle/Hearing Rights* dated November 27, 2007. I want a hearing and my lawyer is Mark Lavery, please contact him about scheduling the hearing at (312) 924-2893.

Sincerely,

Elvis Pena

*[signature]*
Tow Coordinator

EXHIBIT
B