## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| ELVIS PENA and OBDELIO PENA | ) | |
| | ) | 07 C 6433 |
| Plaintiff, | ) | |
| | ) | Judge Castillo |
| v. | ) | |
| | ) | Magistrate Judge Keys |
| TOWN OF CICERO and ANTHONY INIQUEZ, in his | ) | |
| official capacity, | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF'S INITIAL STATUS REPORT

This case has been assigned to the calendar of Judge Ruben Castillo.

Counsel has attempted to confer with Defendant's counsel George Spataro. Plaintiff's Counsel who was out of the office last week and on Monday December 10, 2007, called George Spataro on Tuesday December 11, 2007 to discuss the joint status report. Mr. Spataro was out of the office. Plaintiff's counsel prepared a draft status report and e-mailed to Mr. Spataro. Plaintiff's Counsel has not heard back from Mr. Spataro or received edits and therefore submit this report.

**A. Nature of the Case**

1.      This is a civil rights case related to the Town of Cicero's towing of Plaintiffs' vehicle. The basis for jurisdiction is the U.S. Constitution and 42 U.S.C. 1983. Defendant, to date, has not filed any counterclaims.

2.      Plaintiff seeks declaratory and injunctive relief; Plaintiff seeks a declaration that the Town of Cicero of Cicero police unconstitutionally deprived Plaintiffs of their vehicle. Plaintiff seeks an order compelling the Town of Cicero to return the vehicle and seeks damages for loss of use of property, garden-variety emotional distress (i.e. aggravation and inconvenience) and attorney's fees.

3.      All parties have been served.

4.      Whether Defendants unreasonably and unconstitutionally seized Plaintiff's vehicle in violation of Fourth Amendment; whether Town of Cicero provided adequate post-deprivation due process under Fourteenth Amendment; whether Cicero's proposed post-deprivation remedy is constitutional under Fourteenth Amendment; whether Town of Cicero has a duty to compensate Plaintiffs for the taking of their property under the Fifth Amendment.

5.      Whether Town of Cicero had any factual basis to support their seizure of Plaintiffs vehicle; whether Town of Cicero has a practice of provide any meaningful post-deprivation due process; whether Town of Cicero profits from storage fees charges related to towing.

6.      Key authorities which will assist the Court in understanding and ruling on the issues include;

*Smith v. Insley's, Inc.*, 499 F.3d 875 (8th Cir. 2007) (Fourteenth Amendment claim related to policy of towing vehicles related to alleged criminal investigation).

*Soldal v. Cook County*, 506 U.S. 56, 61 (U.S. 1992) (Fourth Amendment claim realted to towing of trailer).

*Schneider v. County of San Diego*, 285 F.3d 784 (9th Cir.) (Fifth Amendment claim related to improper towing).

**B. Preparation of Draft Scheduling Order**

- Expedited discovery and settlement conference due to injunctive relief.

**C. Trial Status**

- Jury has been requested.

- Two days.

**D. Consent to Proceed Before a Magistrate Judge**

- The parties have not agreed to consent to proceed before a Magistrate Judge for all proceedings including trial at this point.

**E. Settlement Status**

    - Plaintiffs have forwarded settlement offer to Defendants. Defendant have not responded.

Plaintiff requests an expedited settlement conference with Judge Castillo.


                       Respectfully submitted,
                       Plaintiff's


                       By: _/s/ Mark T. Lavery_____
                          One of His Attorneys


Mark T. Lavery
Christopher V. Langone
225 W. Washington, Suite 2200
Chicago, IL 60606
(312) 924-2893